UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE LANGE,<br><br>                            Plaintiff,<br><br>     v.<br><br>CIR LAW OFFICES,<br><br>                           Defendant. | Civil No.   09cv1485-CAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DISMISSING CASE WITH PREJUDICE**<br><br>**[Doc. Nos. 17 and 18]** |

Plaintiff Bonnie Lange ("Lange") alleges that defendant CIR Law Offices ("CIR") violated the Fair Debt Collection Practices Act ("FDCPA") and the California State Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), by levying plaintiff's bank account which contained Social Security funds. On May 7, 2010, defendant filed a motion for summary judgment. [Doc. No. 17.] On May 14, 2010, plaintiff filed a cross-motion for summary judgment. [Doc. No. 18.] Both parties filed opposition briefs on May 28, 2010. [Doc. Nos. 19 & 20.] Both parties filed reply briefs on June 4, 2010. [Doc. Nos. 21 & 22.] The Court finds both motions suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

## I. BACKGROUND

The following facts are undisputed. On or about August 27, 2001, a collection lawsuit was filed in San Diego Superior Court on behalf of Ford Motor Credit Company ("Ford") against Lange. [Doc. No. 17-1 at 1.] The state court entered default judgment against Lange in November, 2001, and issued

an Abstract of Judgment in favor of Ford in the amount of $5,869.28 on December 7, 2001. [Doc. No. 17-3.] Lange did not challenge the state court judgment. [Doc. No. 17-1 at 2.] Moreover, Lange affirmatively represents in her opposition to defendant's summary judgment motion that she is not contesting or seeking to set aside the state court judgment. [Doc. No. 20 at 12.] She acknowledges that the debt exists and she is obligated to pay the debt. [*Id.*]

CIR represents Ford, the judgment creditor in the state court case. To satisfy the state court judgment for its client, CIR applied for a writ of execution with the clerk of court, which was directed to the Levying Officer in San Diego County, containing instructions to levy Lange's bank account at the Cabrillo Credit Union ("Credit Union"). [Doc. No. 17-1 at 1.] On May 14, 2009, the San Diego County Sheriff as Levying Officer issued the Notice of Levy to the Credit Union on Lange's accounts. [Doc. No. 17-4.] A copy of the Notice of Levy was sent to Lange and received by her prior to the garnishment of her bank account. [Doc. No. 18-2 at ¶6.] In response to the Notice of Levy, the Credit Union garnished funds from Lange's account and delivered the funds to the Levying Officer toward satisfaction of the state court judgment.

Statements for Lange's Credit Union account reflect that it is a deposit account in which payments of social security benefits are directly deposited by the government or its agent. [Doc. No. 17-5.] Social security benefits are exempt from levy, attachment, garnishment or other legal process. 42 U.S.C. § 407. Prior to the Notice of Levy being served, CIR asserts that Lange never notified CIR that funds in her Credit Union account were social security benefits and therefore exempt. [Doc. No. 17-1 at 7.] Lange does not dispute that representation or offer any evidence to the contrary. After the garnishment and the commencement of this lawsuit, Lange presented evidence to CIR that her Credit Union account contained social security benefits and CIR returned the garnished funds. [Doc. Nos. 18 at 5-6; 19 at 5.]

Based on these undisputed facts, Lange moves for summary judgment contending that:
- Lange's social security benefits were exempt from garnishment;
- CIR directed the Levying Officer to garnish an account which contained Lange's social security benefits;
- Lange's social security benefits were garnished as a result of CIR's directions;

1  – CIR did not investigate the source of the funds in Lange's account prior to the levy and
2  since CIR's acts resulted in the garnishment of exempt funds, as a matter of law, CIR
3  engaged in an unfair and unconscionable means of collection in violation of the FDCPA
4  and Rosenthal Act.

Also based on the same undisputed facts, CIR moves for summary judgment contending that:[1]

– On behalf of its client Ford, CIR applied for a writ of execution on a valid judgment against Lange and obtained a Notice of Levy, pursuant to California Code of Civil Procedure § 699.510;

– The Notice of Levy was directed to the Cabrillo Credit Union for Lange's deposit accounts at the financial institution;

– Prior to service of the Notice of Levy on the Credit Union and Lange, CIR had no notice that Lange's account with the Credit Union contained Lange's social security benefits;

– Lange did not notify CIR after being served with the Notice of Levy that the account contained her social security benefits;

– The Credit Union garnished the exempt funds without notice to the levying officer or CIR that the deposit account contained exempt funds;

– CIR returned all the garnished funds to Lange following receipt of account statements that demonstrated direct deposits of social security benefits into the levied account;

– CIR applied for a writ of execution to enforce a valid judgment and levied plaintiff's bank account in accordance with the California Code of Civil Procedure, without notice before the garnishment that the account contained exempt funds, and therefore as a matter of law, CIR's acts cannot constitute an unfair and unconscionable means of collection in violation of the FDCPA and Rosenthal Act.

---

[1] CIR also moves for summary judgment claiming this court lacks subject matter jurisdiction over Lange's claims, in light of the *Rooker-Feldman* doctrine. [Doc. No. 17-1 at 4-5.] CIR contends that by challenging the validity of the bank levy, Lange is challenging the validity of the state court judgment entered against her, and is impermissibly seeking review and rejection of that state court money judgment. Lange has, however, acknowledged the validity of the state court judgment and the debt and only seeks a determination that the method of collection engaged in by defendant was unfair. [Doc. No. 20 at 12.] Under these circumstances, the Court finds no jurisdictional bar to considering plaintiff's claim.

## II. LEGAL STANDARD

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate that absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323. In this case, Lange has the burden of proving that CIR used an "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Based on the undisputed facts presented to the Court, Lange has failed to make a sufficient showing on this essential element of her case.

## III. DISCUSSION

It is Lange's position that CIR's actions resulted in the garnishment of Lange's exempt funds, and therefore CIR's actions were *per se* an unfair or unconscionable means of collecting a debt. [Doc. No. 18 at 15-17.] Although Lange acknowledges that the debt CIR sought to collect was valid and she does not dispute that a writ of execution and levy are legal means of collecting a debt, Lange contends that prior to noticing her Credit Union account for the levy, CIR was obligated to investigate the source of funds in the account to determine if they were exempt from levy. Having failed to do so, and Lange's exempt funds having been levied, Lange argues that it logically follows that CIR engaged in unfair means to collect the debt.

Lange provides no statutory or Ninth Circuit authority for its contention that CIR was obligated as part of the California Code of Civil Procedure ("CCP") levy process to investigate the nature of the judgment debtor's deposit account, or engage in a debtor's exam, prior to requesting a levy on a debtor's account. Lange identifies no procedures by which CIR should have determined the nature of Lange's account. It is undisputed that CIR gave notice of the intent to levy the Credit Union account to Lange prior to the levy. Notably, neither Lange or the Credit Union (despite being the best sources of the critical information about the nature of the account) ever informed CIR prior to the garnishment that the account contained exempt funds.

As authority for her proposition that "the party attempting to garnish wages must make an effort to ensure they are garnishing funds that are not exempt," or be subject to an FDCPA violation, Lange cites *Hogue v. Palisades Collection, LLC*, 494 F. Supp. 2d 1043 (S.D. Iowa 2007). [Doc. No. 18 at 19.] *Hogue,* however, does not impose such an obligation on judgment creditors.

In *Hogue,* the collection agent sought to enforce its client's default judgment against Hogue by initiating garnishment proceedings, pursuant to Iowa law, against Hogue's credit union account, "fully aware" Hogue's only source of income was exempt social security benefits. *Id.* at 1045-46.  Unlike the undisputed facts in this case, in *Hogue* prior to the initiation of the garnishment proceedings, Hogue's counsel informed defendant that Hogue's income was exempt from collection and Hogue provided a sworn affidavit stating the sole source of the deposits in her bank account was her social security income. *Id.* at 1045.  The court denied defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, holding that plaintiff Hogue had stated a claim upon which relief could be granted for a violation of the FDCPA, the Iowa Fair Debt Collection Practice Act, and the Iowa Consumer Credit Code, because, taking Hogue's factual allegations as true, defendant <u>knowingly</u> garnished an account that contained exempt funds and as such that action could constitute an unfair or unconscionable collection practice. *Id.* at 1051-52.  The court further found that Iowa law did not provide the defendant with any procedural protection from a knowing garnishment of exempt funds. *Id.* at 1048.

That the defendant <u>knowingly</u> garnished exempt funds is critical to the decision in *Hogue*.  This is further reflected by the fact that Iowa District Court distinguishes the facts of that case from those in *Wilson v. Business and Professional Credit Mgt of Kearney, Inc.*, 1986 U.S. Dist. LEXIS 31002 (D. Neb. Aug. 26, 1986), in which the Nebraska District Court held a garnishment of exempt funds did not violate the FDCPA because the judgment creditor did not know the nature of all the funds in the account prior to the garnishment and Nebraska law limited the creditor's ability to verify the exempt status of funds prior to garnishment. *Hogue*, 494 F. Supp. at 1048.  Distinguishing the facts in the two cases, the court in *Hogue* specifically notes that, "[i]n *Wilson*, plaintiffs did not provide [defendant] with a sworn affidavit stating that the bank account only contained exempt funds." *Id.* at 1049.

The limited holding of the *Hogue* decision, reviewing Iowa collection law, is that a knowing garnishment of exempt funds could constitute an FDCPA violation, which therefore resulted in the

denial of defendant's motion to dismiss for failure to state a claim.  Lange's contention that the *Hogue* decision is authority that a garnishing party is obligated to investigate the source of funds to be garnished prior to initiating levying proceedings, is not supported by the opinion.  Nor does the holding in *Hogue* support Lange's conclusion that should a judgment creditor fail to ascertain the nature of a judgment debtor's accounts prior to garnishment, and as a result there is a garnishment of exempt funds, the collection constitutes a *per se* violation of FDCPA.

Lange argues that the obligation to investigate the nature of a debtor's account is properly imposed on the judgment creditor to protect the interests of the debtor.  California law provides safeguards to prevent the garnishment of exempt funds.  Specifically, CCP § 704.080(d) provides, in part, that the financial institution that holds a deposit account with exempt funds shall protect the account funds and within 10 business days after the levy provide written notice to the levying officer that the deposit account is one in which payments of social security benefits are directly deposited by the government or its agent.  Upon receipt of that notice from the financial institution, the levying officer shall serve that notice on the judgment creditor.  The section then goes on to describe procedures by which the judgment creditor may challenge the exempt status of the funds in the account.  CAL. CIV. PROC. CODE § 704.080(e); *see also In re Dalaimo*, 88 B.R. 268, 271 (S.D. Cal. 1988) (explaining CCP § 704.808 requires financial institutions to notify levying officer that account has exempt social security funds and put money into blocked account pending further proceedings).

The California statutory provisions for execution of judgment and levy have no requirement that the judgment creditor must make a pre-levy investigation as to the source of the funds in a debtor's account.  California law unambiguously requires that the financial institution, which can readily ascertain if the government is directly depositing social security benefits into the levied account, protect the exempt funds from garnishment, and provide appropriate notice of the exempt nature of the funds sought to be levied to the levying officer and thereby to the garnishing party.  It is undisputed in this case that the Credit Union did not comply with CCP § 704.080 and erroneously turned over the funds in Lange's deposit account to the levying officer and therefore to CIR.  It was the Credit Union's responsibility to notify CIR of the nature of the account and withhold the payment.

/ / /

Lange's argument that the decision in *Usery v. First National Bank of Arizona*, 586 F.2d 107 (9th Cir. 1978), preempts CCP § 704.080(d) and relieves the Credit Union of its obligations under California law, misapplies the holding in that case.  *Usery* addressed the enforcement and administration of the Consumer Credit Protection Act, 15 U.S.C. § 1671, et seq., and specifically considered the question of whether,

> a bank served with a garnishment directed at a depositor's account is required to determine the depositor's right to a wage earner's exemption under the [Consumer Credit Protection Act], and, if so, whether the bank is required to calculate the amount of that exemption before honoring the garnishment.

*Id.* at 107-08.

The Ninth Circuit affirmed the District Court's judgment that the garnishment restrictions imposed by the Consumer Credit Protection Act ("CCPA"), apply to the garnishment of employers of a debtor but not to a bank which holds the debtor's deposits. *Id.* at 108. After considering the CCPA's statutory scheme, legislative history and case law, the Ninth Circuit concluded that the CCPA's "formula for calculating garnishment restrictions requires information which far exceeds that which is ordinarily available to a financial institution. . . [and] contains no suggestion as to how a bank could acquire such information," nor is the statute "designed so that a bank can calculate a wage earner's exemption," and the court found it unrealistic to assume that Congress intended to impose such duties on banks or financial institutions. *Id.* at 108-10.

The holding in *Usery* is specific to the duty to calculate exemptions under the CCPA and is limited to relieving a financial institution of any obligation to trace and calculate such exemptions. Lange's argument, that the *Usery* decision preempts California's statute that imposes an obligation on financial institutions to provide notice to the levying officer that a depositor's account includes direct deposit social security funds – information that is readily identifiable to the bank and requires no calculation, is rejected.

In the absence of any evidence that CIR had any knowledge of the nature of Lange's account prior to the notice of levy, this Court finds that CIR followed proper collection procedures pursuant to California law to collect on a valid judgment. Due to the Credit Union's failure to comply with the

provisions of California Code of Civil Procedure § 704.080(e), there was an erroneous garnishment of Lange's exempt social security funds. The funds were returned to the plaintiff when evidence of their exempt status was provided. Under these undisputed facts, the garnishment of Lange's exempt funds cannot constitute an unfair and unconscionable means of collecting a debt by CIR and therefore CIR did not violate FDCPA or the Rosenthal Act.[2]

### IV. CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, a comprehensive review of the record, and for the reasons set forth above,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff Lange's Motion for Summary Judgment is DENIED.
2. Defendant CIR's Motion for Summary Judgment is GRANTED.

Based on the foregoing, the Court **DISMISSES** this civil action **WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of Defendant CIR and close the case.

**IT IS SO ORDERED**.

DATED: June 22, 2010

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[2] Having found no violation of FDCPA or the Rosenthal Act, the Court finds it unnecessary to reach CIR's alternative argument that, as a law firm, it is not subject to the Rosenthal Act, which excludes attorneys from the definition of debt collectors.